David **JOFFEE** et al., Plaintiffs–
Appellants,

v.

**LEHMAN BROTHERS INC.** et
al., Defendants–Appellees,

**The Elisabeth Herman Trust**
et al., Plaintiffs.

No. 06–0903–cv.

United States Court of Appeals,
Second Circuit.

Dec. 19, 2006.

Curtis V. Trinko (Kenneth F. McCallion, Thomas A. Holman, on the brief), New York, N.Y., for Plaintiffs–Appellants.

Todd R. Geremia (Jayant W. Tambe, Aviva Warter Sisitsky, on the brief), New York, N.Y., for Defendants–Appellees.

Present: Hon. WILFRED FEINBERG, Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants David Joffee *et al.* appeal the order dismissing their third amended complaint ("TAC") which alleged, in pertinent part, that defendants violated § 10(b) of the Securities Exchange Act and the regulations promulgated thereunder. *See* 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b–5. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

To state a claim under § 10(b), plaintiffs must allege (1) a material misrepresentation (or omission); (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation, *i.e.,* a causal connection between the material misrepresentation and the loss. *See Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 341–42, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005). The district court here held that plaintiffs failed to adequately plead loss causation, and we review this decision *de novo. Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 167 (2d Cir.2005).

■ The primary thrust of the plaintiffs' complaint is that various conflicts-of-interest led defendants to "issue more positive research reports or ratings [about Sunrise securities] than were warranted by the financial data," and that these reports and ratings caused "Sunrise's common stock price [to be] artificially inflated or otherwise stabilized during the Relevant Period." However, allegations that "plaintiffs paid artificially inflated prices for ... securities and suffered damage[s]" are insufficient to state a claim for federal securities fraud. *Dura Pharms.,* 544 U.S. at 347, 125 S.Ct. 1627 (internal quotation marks omitted; alteration in original); *see also Lentell,* 396 F.3d at 175 (holding that an allegation that "the market price of [the] securities was artificially inflated" is insufficient to state a claim under § 10(b)). Further, plaintiffs here never allege that the falsity of the defendants' opinions was ever revealed to the public. *See Lentell,* 396 F.3d at 175 (holding that it is "fatal under Second Circuit precedent" if "[t]here is no allegation that the market reacted negatively to a corrective disclosure regarding the falsity of [the defendants'] 'buy' and 'accumulate' recommendations").

■ Plaintiffs also argue that the defendants misrepresented and concealed various risks associated with Sunrise securities and that the materialization of those risks caused their losses.[1] However, all of the facts which plaintiffs allege were concealed were, in fact, revealed in various public filings. *Cf. Basic Inc. v. Levinson,* 485 U.S. 224, 246, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988) ("[T]he market price of shares traded on well-developed markets reflects all publicly available information.").[2] Thus, plaintiffs failed to allege that the

1. The defendants argue that this theory was not fairly plead in plaintiffs' TAC. We need not reach this issue, however, because we hold that this claim fails for other reasons.

2. Although we generally consider only the complaint on a motion to dismiss, a complaint "include[s] any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference, as well as public disclosure documents required by law to be, and that have been, filed with the SEC, and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *See, e.g., Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir.2000) (internal citations omitted).

defendants concealed from the market risks which later materialized to cause plaintiffs' loss. *See Lentell,* 396 F.3d at 175; *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.,* 343 F.3d 189, 198 (2d Cir.2003).

We have considered all of plaintiffs-appellants' other arguments and find them without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**